UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. TAYLOR,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | No. EDCV 11-699 AGR<br><br>MEMORANDUM OPINION AND ORDER |

      Plaintiff Michael L. Taylor filed this action on May 10, 2011. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on June 1 and 9, 2011. (Dkt. Nos. 8, 9.) On March 14, 2012, the parties filed a Joint Stipulation that addressed the disputed issues. The court has taken the matter under submission without oral argument.

      Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.

## PROCEDURAL BACKGROUND

On June 19, 2007, Taylor filed an application for disability insurance benefits, alleging an onset date of January 22, 2007. Administrative Record ("AR") 21, 117-21. The application was denied initially and upon reconsideration. AR 21, 63-64. Taylor requested a hearing before an Administrative Law Judge ("ALJ"). AR 76. On May 12, 2009, the ALJ conducted a hearing at which Taylor, a medical expert, and a vocational expert testified. AR 37-62. On September 15, 2009, the ALJ issued a decision denying benefits. AR 21-29. On March 15, 2011, the Appeals Council denied the request for review. AR 1-3. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled and is eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

The ALJ found that Taylor has the severe impairments of "degenerative disc disease of the cervical spine (without stenosis or myelopathy), and history of fractured left wrist sp January 31, 2008 scaphoid fusion." AR 23. He has the residual functional capacity ("RFC") to perform light work, "but he cannot crawl, climb ladders, ropes, or scaffolds, or work at unprotected heights; and he should perform less than frequent handling and fingering activities with his left (non-dominant) upper extremity." AR 25. Taylor is unable to perform any past relevant work, but there are jobs that exist in significant numbers in the national economy that he can perform. AR 27-28.

## C. Credibility

Taylor contends the ALJ gave "legally insufficient" reasons for discounting his subjective symptom testimony.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (citations omitted); *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc). The ALJ found that

Taylor's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." AR 27.

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of [the claimant's] symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).

The ALJ discounted Taylor's testimony for three reasons: (1) inconsistencies between his testimony and the medical record; (2) conservative treatment; and (3) inconsistencies between his subjective allegations and his activities of daily living. AR 26-27.

### 1. Medical Record

Although lack of objective medical evidence supporting the degree of limitation "cannot form the sole basis for discounting pain testimony," it is a factor that an ALJ may consider in assessing credibility. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196-97 (9th Cir. 2004) (holding "contradictions from [the claimant's] own testimony and the lack of objective medical evidence supporting [his] claims," among other reasons, justified the ALJ's adverse credibility determination).

Taylor alleged disability since January 22, 2007 based on cervical spine nerve damage and a broken left wrist. AR 26, 126. At the hearing, Taylor testified about his neck pain that "shoots down" his left side. AR 26, 46. He has severe pain after sitting for prolonged periods, he cannot bend the fingers of his left hand, and he feels pressure on top of his head "pushing down." AR 27, 55.

The ALJ's conclusion that Taylor's complaints "appear to be out of proportion to objective findings" is supported by substantial evidence. AR 27. On April 25, 2007, Dr.

4

Cunanan, a treating physician, noted that Taylor appeared to have cervical radiculopathy, but he was "not fully disabled." AR 24, 168-69. He restricted Taylor to jobs not requiring heavy lifting or pushing. AR 26, 168. On September 7, 2007, Dr. Sophon, a consultative examiner, opined that Taylor could lift and carry up to 25 pounds occasionally and 10 pounds frequently, and he could occasionally push, pull or bend his left wrist. AR 26, 196. The State Agency review physician opined that Taylor could perform a significant range of light work. AR 25, 198-204. The impartial medical expert, a board-certified orthopedic specialist, agreed with the RFC by the State Agency physician. AR 25, 44-45. In March 2008, less than two months after wrist surgery, a treating occupational therapist stated that Taylor was "[c]urrently not able to work." AR 26, 374. Taylor felt better and had diminished wrist pain by the following month. AR 26, 379. By September 2008, his wrist was pain-free. AR 449.

### 2. Conservative Treatment

"[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). Regarding Taylor's wrist pain, Taylor had arthroscopic left partial wrist fusion in January 2008, with post-operative occupational therapy. AR 24, 208. By September 2008, Taylor reported that he no longer had wrist pain. AR 449. At the hearing, Taylor confirmed that his wrist is "pain-free," but testified he had lost at least 80 percent of the use of his hand.[1] AR 53-54. Three months prior to the hearing, Taylor had reported no significant functional limitation with respect to his wrist. AR 484.

As of September 2008, Taylor's neurosurgeon, Dr. Yanez, saw Taylor three times over three years and decided that neck surgery was unnecessary. AR 24, 26, 447. Taylor testified that he felt like he could "probably go another three or four years" before

---

[1] The ALJ observed that Taylor was bending his left hand and the fingers of his left hand at the hearing. AR 27. An ALJ's observations may be considered, but they "may not form the sole basis for discrediting a person's testimony." *Orn v. Astrue*, 495 F.3d 625, 639-40 (9th Cir. 2007).

having surgery on his neck, and he was "100 percent in agreement" with the recommendation against surgery. AR 57. The record supports the ALJ's interpretation of Taylor's agreement to avoid neck surgery "to suggest that he currently finds his neck pain tolerable." AR 26. The ALJ noted Taylor had cervical epidural steroidal injections in 2007 and 2008, with good relief. AR 24, 219, 243. Because the epidural injections were only effective for 10 to 14 days, he discontinued the injections.[2] AR 24, 26, 53.

Regarding his current treatment, Taylor testified that he has physical therapy twice a month and electrical nerve stimulation therapy once or twice a week. AR 53; *see Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (considering physical therapy and electrical nerve stimulation as conservative treatment). He takes Vicodin on an as-needed basis for pain, which is effective. AR 48-49, 163.

### 3. Activities of Daily Living

The ALJ may properly rely on inconsistencies between Taylor's allegations and his activities of daily living. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (An ALJ may consider the claimant's daily activities as one of many factors in weighing a claimant's credibility.).

The ALJ noted that Taylor's alleged inability to work was inconsistent with his activities of daily living. AR 26-27. Taylor alleged severe pain after sitting for prolonged

---

[2] Even assuming epidural injections do not qualify as conservative treatment, remand would not automatically be required. In *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155 (9th Cir. 2008), the Ninth Circuit concluded that two of the ALJ's reasons for making an adverse credibility finding were invalid. The court held that when an ALJ provides specific reasons for discounting the claimant's credibility, the question is whether the ALJ's decision remains legally valid, despite such error, based on the ALJ's "remaining reasoning *and ultimate credibility determination*." *Id.* at 1162 (italics in original); *see Batson*, 359 F.3d at 1197 ("[I]n light of all the other reasons given by the ALJ for Batson's lack of credibility and his residual functional capacity, and in light of the objective medical evidence on which the ALJ relied, there was substantial evidence supporting the ALJ's decision"). Here, the ALJ's credibility assessment would remain valid even if he erred in finding conservative treatment for Taylor's cervical disc disease.

periods, inability to bend the fingers of his left hand, pressure on top of his head, and inability to sweep or vacuum. AR 26-27, 56. He experiences a "significant amount of pain" on his left side above his waist. AR 46. On bad days, he may not be able to sit in a chair, but on good days, he can sit for two hours. AR 51. When he takes his pain medication, he gets "very sleepy" for a couple of hours. AR 52. The ALJ noted that on January 22, 2008, Taylor reported that he had used Vicodin for two years without problem. AR 27, 227. In his Disability Report, Taylor reported that Vicodin makes him "itchy." AR 130, 141, 151. The ALJ noted the inconsistency between Taylor's contention that he could not sweep or vacuum and his testimony that he could drive a car, take care of his own activities of daily living, and sometimes cook. AR 26-27, 56. Taylor testified that he is usually at home alone and does light cleaning. AR 56. He will "go visit" if he feels like leaving the house, and he also goes to the doctor. AR 55.

The ALJ's reasons for discounting Taylor's credibility are supported by substantial evidence. "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas*, 278 F.3d at 959 (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999)).

## IV.

## **CONCLUSION**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: July 16, 2012

ALICIA G. ROSENBERG
United States Magistrate Judge